IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WLLIE LEE BLOUNT III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-070 |
| | ) | |
| UNITED STATES CONSTITUTION OF AMERICA; GEORGIA DEPARTMENT OF CORRECTIONS; BRIAN P. KEMP; PATRICIA GLOBER; KOCHELLE WATSON; and TYRONE OLIVER, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Johnson State Prison in Wrightsville, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.  SCREENING THE AMENDED COMPLAINT**

**A.  BACKGROUND**

Plaintiff commenced this case by naming one defendant, the "United States Constitution of America," and submitting a two-page handwritten complaint describing alleged mistreatment by various individuals while incarcerated at Johnson State Prison, as well as several claims related to his underlying criminal conviction. (See doc. no. 1.)  By Order

dated July 7, 2025, the Court explained Plaintiff must submit an amended complaint, pointed out Plaintiff's pleading failed to meet the requirements of Federal Rule of Civil Procedure 8 for a short and plain statement showing Plaintiff is entitled to relief, explained his litany of complaints could not be properly joined in one lawsuit, and noted the only named defendant was not a party able to be sued under § 1983. (Doc. no. 7, pp. 3-4.)  The Court then provided Plaintiff with specific instructions for submitting an amended complaint, including the following:

> [The amended complaint] must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph.  The numbered paragraphs in his amended complaint should include information such as:  (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

(Id. at 5; see also id. at 4-6.)

In response, Plaintiff submitted an amended complaint naming five new Defendants and alleging numerous claims about unconnected events. (See generally doc. no. 8.)  Although he no longer names the United States Constitution of America as a defendant, Plaintiff completely disregarded the other instructions given in the Court's July 7th Order concerning his attempt to bring a host of unrelated claims in one lawsuit and his failure to provide a short and plain statement showing he is entitled to relief. (See doc. no. 7, p. 4.)  Rather, Plaintiff provides disjointed descriptions of various issues occurring across multiple institutions over

the years. (See generally doc. no. 8.) Moreover, nowhere in the amended complaint does Plaintiff connect any of the named Defendants to his claims.[1] (See generally id.)

The Court must take all of Plaintiff's factual allegations as true for purposes of the present screening, but the Court can determine only that Plaintiff is alleging claims regarding errors in his sentence computation, double jeopardy clause violations, false imprisonment, experiencing violence while incarcerated, and the denial of medical attention. (Id.)

B.   DISCUSSION

1.   **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] As explained below in Section I.B.2 *supra*, although Plaintiff mentions Defendant Kochelle Watson briefly in his complaint under the "[i]njuries" header, it is only to note that she is related to another "Officer Watson," who allegedly drew a gun on Plaintiff in early 2023. (Doc. no. 8, p. 5.) Plaintiff otherwise fails to mention any of the named Defendants in his statement of claim. (See generally id.)

3

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Amended Complaint Should Be Dismissed for Failure to Follow a Court Order and as an Impermissible Shotgun Pleading

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (finding dismissal

4

appropriate where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned" (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court"). Although the Court gives a liberal construction to *pro se* pleadings, *pro se* litigants are nevertheless required to conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

Furthermore, the amended complaint supersedes and replaces in its entirety the previous complaint filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016). Additionally, to properly raise a claim, a pleading must associate the purported constitutional violation with a specific defendant. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Here, Plaintiff's amended complaint does not make any allegations associating any of the individual Defendants with purported constitutional violations. First, while Plaintiff named Defendant United States Constitution of America in his original complaint, he does not name this Defendant in the caption or any portion of his amended complaint. Plaintiff therefore does not connect this Defendant with a purported constitutional violation. Dismissal is therefore appropriate.[2] See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law).

---

[2] Dismissal of this Defendant is also appropriate for the reasons explained in the Order instructing Plaintiff to amend his complaint. (See doc. no. 7, p. 4 (explaining "appropriate parties for suit under § 1983 include 'persons' who participated in the alleged violation" (citations omitted)).)

Moreover, Plaintiff fails to connect any of the Defendants named in the amended complaint to a constitutional violation. Contrary to the Court's instructions directing Plaintiff to provide dates and factual details about the alleged misconduct correlated to specific Defendants, Plaintiff's amendment is a rambling recitation of alleged events occurring at multiple facilities, contains vague statements alleging unspecified defendants caused him harm, and alleges acts or omissions committed by individuals who are not named as Defendants.[3]  (See doc. no. 8, pp. 4-5.)  For example, Plaintiff states "Defendant ignored factual sentence computation report," but he does not explain which Defendant took this action, nor does he explain how this conduct rises to the level of a constitutional violation. (Id. at 4.)  He also vaguely alleges "false imprisonment" but does not provide any further detail about this claim. (Id. at 4-5.)  Although he briefly mentions Defendant Kochelle Watson under the complaint form section titled "[i]njuries," he merely states she is related to an "Officer Watson," who allegedly pulled a gun on Plaintiff at "Providence Hospital," which Plaintiff contends may constitute a "coincidental conflict of duty." (Id. at 5.)  He provides no additional explanation about this purported claim.

Such conclusory allegations – devoid of specific factual detail connecting Defendants to the alleged wrong – do not comply with the Court's prior Order and do not satisfy minimum pleading requirements. Plaintiff's conclusory "the-defendants-unlawfully-harmed-me accusations" will not suffice. See Iqbal, 556 U.S. at 678; see also Roberts v. Houston Cnty. Superior Ct., No. 20-14857, 2021 WL 6099478, at *3-4 (11th Cir. Dec. 23, 2021) (*per curiam*) (affirming dismissal of *pro se* complaint that failed to provide specific facts about what defendant

---

[3] Although Plaintiff provides dates and locations for some of his claims, he fails to connect any of the named Defendants to a constitutional violation. (See doc. no. 8.)

6

did or failed to do and subsequent attempt to add facts failed "to specify which individuals allegedly violated [plaintiff's] rights and when her rights were allegedly violated").

Moreover, the amended complaint violates the basic pleading requirements of Federal Rule of Civil Procedure 8, which requires Plaintiff to proffer a short and plain statement (1) detailing the Court's jurisdiction, (2) showing that he is entitled to relief, and (3) demanding judgment for the relief that he seeks. It also violates the tenets of Rule 10(b), which requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ." "Complaints that violate either Rule 8(a) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings'" Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). "[T]he ability to dismiss a complaint on shotgun pleading grounds" is included within the district court's inherent authority to control its docket. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018).

The dim view taken of shotgun pleadings has been described as follows:

> The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Rules 8(a)(2) or 10(b). See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320-21 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings"); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."). There are four types of shotgun pleadings: first, those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before. . . ." Weiland, 792 F.3d at 1321. The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. Third are those that do not separate each claim into a separate count. See id. at 1322-23. Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the

7

>  defendants are responsible for which acts . . . or which of the defendants the claim is brought against." Id. at 1323.
>
>  . . . .
>
>  The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. See Weiland, 792 F.3d at 1320. Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Cummings v. Mitchell, No. CV 118-161, 2020 WL 1491751, at *2 (S.D. Ga. Mar. 17, 2020) (Hall, C.J.). The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland 792 F.3d at 1323 (footnote omitted).

Here, the Court warned Plaintiff about the deficiencies in his original complaint, provided detailed instructions on how to correct these deficiencies, and warned that failure to correct them would result in the Court recommending dismissal. (See doc. no. 7.) Plaintiff failed to correct the pleading deficiencies and completely disregarded the instructions given in the Court's July 7th Order regarding his attempt to bring a host of unrelated claims in one lawsuit. (See generally doc. no. 8.) Instead, Plaintiff filed another quintessential shotgun pleading that includes a litany of undetailed, conclusory allegations; fails to specify which Defendant did what; and includes a combination of wholly unrelated claims that occurred over several years across multiple facilities, all in violation of Federal Rule of Civil Procedure 20. (See generally id.)

In sum, Plaintiff's amended complaint is a shotgun pleading which should be dismissed.

See Abdulla v. So. Bank, No. 22-12037, 2023 WL 2988135, at *2 (11th Cir. Apr. 18, 2023) (*per curiam*) (affirming dismissal of amended complaint as shotgun pleading where amendment contained "numerous conclusory, vague, and immaterial facts"); Ramos v. Katzman Chandler PA, No. 20-13485, 2021 WL 3140303, at *3, 5 (11th Cir. 2021) (*per curiam*) (dismissing an amended complaint nearly identical to the original complaint as an impermissible shotgun pleading when plaintiffs failed to address pleading deficiencies identified by court, including inclusion of "immaterial facts not obviously connected to a particular cause of action and . . . citations to laws and statutes whose application were unclear").  Indeed, it is long settled in the Eleventh Circuit that the dismissal of a *pro se* complaint is appropriate where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint.  Jester v. Ayodele Ayedun, et al., 2022 WL 16748798, at *1 (S.D. Ga. Nov. 7, 2022), aff'd, No. 22-14213 (11th Cir. Aug. 11, 2023) (affirming rejection of complaint that did not comply with amendment instructions); see also Taylor v. Spaziano, 251 F. App'x 616, 620-21 (11th Cir. 2007) (*per curiam*); Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*).

Because Plaintiff is proceeding IFP, the Court finds the imposition of monetary sanctions is not a feasible sanction for disobeying the Court's instructions about amending and having been given an opportunity to cure pleading deficiencies to no avail, Plaintiff's amended complaint should be dismissed.  See Hudson v. Morris, CV 420-120, 2022 WL 344556, at *5 (S.D. Ga. Feb. 4, 2022) (Baker, J.) (dismissing federal claims after concluding court need not provide limitless attempts to correct repeatedly noted pleading deficiencies).

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of August, 2025, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA